IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

REBECCA TRIPP,
    Plaintiff,

v.

THE BUCKEYE RANCH,
    Defendant.

Case No. 2:09-cv-827
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This case is before the Court for consideration of the Defendant's Motion to Dismiss (Doc. 6) and Supplemental Motion to Dismiss (Doc. 12). For the reasons that follow, the Motion to Dismiss is **GRANTED IN PART**, and the Supplemental Motion to Dismiss is **GRANTED**.

I.

Plaintiff Rebecca Tripp began working for Defendant The Buckeye Ranch on November 3, 2000. (Compl. ¶ 1.) As a Group Specialist, Plaintiff worked with children suffering from mental deficiencies and interacted with physically aggressive individuals. (*Id.* at ¶¶ 1, 3.) Plaintiff alleges that, in the course of her employment, she was "brutally attacked . . . and left with a head contusion." (*Id.* at ¶ 4.)

In February of 2008, Plaintiff became pregnant. (Compl. ¶ 7.) Her doctor prescribed work restrictions, and Plaintiff requested accommodations to eliminate the possibility that she would be physically attacked by one of Defendant's clients. (*Id.* at ¶¶ 8–9.) Plaintiff alleges that Defendant failed to provide her with the requested accommodations, and instead required her to take leave under the Family Medical Leave Act, 29 C.F.R. 825 *et. seq.* ("FMLA"). (*Id.* at ¶ 11.) Plaintiff asserts that Defendant had provided employees in other departments with the requested accommodations. (*Id.* at ¶ 12.)

According to the Complaint, Plaintiff met with her employer on July 8, 2008 to discuss her status and provided a note from her doctor to prove that she required work accommodations. (Compl. ¶ 13.) That day, Defendant allegedly told Plaintiff that "if she did not return to work from her FMLA leave status after it was exhausted, she would be terminated." (*Id.* at ¶ 14.)

Plaintiff filed her Complaint in the Court of Common Pleas of Franklin County, Ohio. (Doc. 4.) In Count One she alleges that Defendant discriminated against her in violation of Ohio Revised Code §§ 4112.01, 4112.02, and 4112.99. (Compl. ¶ 15.) Plaintiff claims in Count Two that Defendant failed to provide reasonable accommodation of her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. (*Id.* at ¶ 21.) Count Three alleges that Defendant violated the FMLA. (*Id.* at ¶ 26.) In Count Four, Plaintiff claims that "Defendant's actions were extreme and outrageous, thus resulting in an intentional infliction of emotional distress." (*Id.* at ¶ 30.) Finally, Count Five alleges that Defendant violated the Title VII Pregnancy Discrimination Act of 1978. (*Id.* at ¶ 33.)

After removing the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 (Doc. 2), Defendant filed a Motion to Dismiss Counts One, Three, and Four (Doc. 6), and a Supplemental Motion to Dismiss Count Two (Doc. 12). Defendant maintains that Plaintiff has failed to state a claim in Counts One, Two, Three, and Four under Federal Rule of Civil Procedure 12(b)(6). (Docs. 6, 12 at 1.)

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not demand "detailed factual allegations"; however, a

2

"formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)).

The pleading must be facially plausible: it must "contain sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citations omitted). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. at 1949 (citations omitted).

When analyzing a Rule 12(b)(6) motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1950 (citations omitted). However, the court "must take all factual allegations in the complaint as true." *Id.*, 129 S. Ct. at 1949 (citations omitted).

### III.

#### A.   Count One: Public Policy and Ohio Statutory Claims

##### 1.   The Public Policy Claim

In Count One, Plaintiff alleges that "Defendant discriminated against Plaintiff in violation of public policy under ORC § 4112.01, 4112.02, 4112.99." (Compl. ¶ 15.) Defendant asserts that Plaintiff fails to state a claim because she fails to meet the requirements of a wrongful discharge in violation of public policy claim under Ohio law. (Doc. 6 at 2.)

In her Opposition Memorandum, Plaintiff correctly concedes that "a public policy wrongful termination allegation is not applicable." (Doc. 7 at 6.) The Ohio Revised Code prohibits taking adverse employment actions on the basis of protected characteristics, including sex. Ohio Rev. Code § 4112.02(A). The Supreme Court of Ohio has held that a claim for wrongful discharge in violation of public policy will fail when a statute provides adequate

3

protection and remedies under the circumstances. *Leininger v. Pioneer Nat'l Latex*, 875 N.E.2d 36, 44 (Ohio 2007) (holding that a public policy claim for age discrimination failed because Chapter 4112 provided adequate protection and remedies). The rationale is that "'there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests.'" *Id.*, 875 N.E.2d at 42 (quoting *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 531 (Ohio 2002)).

Defendant's Motion to Dismiss is therefore **GRANTED** as to Plaintiff's public policy claim.

### 2. The Statutory Claim

Plaintiff contends that in addition to a public policy claim, Count One also pleads a statutory violation of Ohio Revised Code Chapter 4112. (Doc. 7 at 5–6.) Defendant asserts that the Complaint does not plead a violation of Chapter 4112, and that even if it does, Plaintiff fails to state a claim. (Doc. 8 at 2.)

The Complaint states that "Defendant discriminated against Plaintiff in violation of public policy under ORC § 4112.01, 4112.02, 4112.99." (Compl. ¶ 15.) The Court finds that this statement alleges a violation of Chapter 4112.

Nonetheless, Defendant maintains that Plaintiff failed to state a claim because she alleged neither (1) "that she was treated differently than any male or non-pregnant employee" nor (2) that Defendant "took any action or failed to take any action *because of* [Plaintiff's] sex or pregnancy." (Doc. 8 at 2) (emphasis in original).

The Ohio Revised Code makes it illegal for an employer,

> because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms,

4

conditions, or privileges of employment, or any matter directly or indirectly related to employment.

Ohio Rev. Code § 4112.02(A). The statute further provides that, for the purpose of § 4112.02(A), the term "because of sex" includes but is not limited to "because of . . . pregnancy," and that "[w]omen affected by pregnancy . . . shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." Ohio Rev. Code § 4112.01(B).

The statute mirrors Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000 *et. seq.*, and the Supreme Court of Ohio has held that "federal case law interpreting Title VII . . . is generally applicable to cases involving alleged violations of R.C. Chapter 4112." *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 131 (Ohio 1981). The elements of a sex discrimination claim under Title VII are that the Plaintiff (1) is a member of a protected class, (2) was subject to an adverse employment action, (3) was qualified for the position, and (4) was treated differently than a similarly situated individual outside the protected class. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006).

The Court first notes that Plaintiff's Complaint fails to identify the protected characteristic that is the basis for the alleged discrimination under § 4112.02. However, even assuming that Plaintiff is alleging sex discrimination, Plaintiff fails to state a claim.

As to the first element of a sex discrimination claim, Plaintiff's Complaint adequately alleges that she is a member of a protected class, pregnant women. (Compl. ¶ 7.) Plaintiff also alleges the adverse employment action element with sufficient particularity. The Sixth Circuit has defined "adverse employment action" as a "materially adverse change in the terms and conditions" of employment. *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789 (6th Cir.

2004). Although Plaintiff fails to allege that she was terminated, she does claim that "Defendant did not provide the requested accommodations for the Plaintiff, but rather forced her to leave status." (Compl. ¶ 11.) Denying work accommodations and requiring an employee to take leave is an adverse employment action. *Tysinger v. Police Dept. of City of Zanesville*, 463 F.3d 569, 573 (6th Cir. 2006). Thus, Plaintiff sufficiently alleges the second element.

Although there is no express allegation that Plaintiff was qualified for the position, she does allege that she "was a good employee during her tenure with The Buckeye Ranch and in good standing with the Defendant" (Compl. ¶ 6), and that she was in the process of obtaining a higher level license to enable her to take on more responsibilities (Compl. ¶ 2). Thus, the Court finds that Plaintiff sufficiently pleads the third element.

Plaintiff does not, however, plead the fourth element with sufficient particularity. Plaintiff alleges that "Defendant had given the requested accommodations to employees in other departments" but "refused to give these accommodations to the Plaintiff." (Compl. ¶ 12.) In this conclusory allegation, Plaintiff fails to allege what accommodations she requested, and a claim and description of accommodations which had been given in the past, and whether those individuals were similarly situated, but outside the protected class. This allegation is a mere "formulaic recitation of the elements," and it "will not do." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). Thus, the Complaint lacks sufficient factual allegations to state a claim for a violation of Ohio Revised Code Chapter 4112.

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has interpreted Rule 15(a) as providing a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69

6

(6th Cir. 1987). Because the Complaint approaches the requisite pleading standard, the Court finds that leave to amend should be given.

The Court permits Plaintiff leave to amend her Complaint to state a claim for a violation of Ohio Revised Code Chapter 4112 within fourteen (14) days of the date of this Opinion and Order.[1] If Plaintiff does not amend her Complaint within fourteen (14) days from the date of this Opinion and Order, Defendant's Motion to Dismiss (Doc. 6) shall be granted as to Plaintiff's claim under Ohio Revised Code Chapter 4112.

### B.   Count Two: ADA Claim

In Count Two, Plaintiff alleges disability discrimination in violation of the ADA. (Compl. ¶ 21.) Plaintiff alleges no disability, alleging only that she was pregnant. Pregnancy alone is not a disability within the meaning of the ADA. *Gover v. Speedway Super Am., LLC*, 254 F. Supp. 2d 695, 705 (S.D. Ohio 2002); *see also* 29 C.F.R. Part 1630 app. § 1630.2(h) ("conditions, such as pregnancy, that are not the result of a physiological disorder are . . . not impairments"). Plaintiff therefore fails to state a claim for discrimination under the ADA, and Defendant's Supplemental Motion to Dismiss is **GRANTED**.[2]

### C.   Count Three: FMLA Claim

In Count Three, Plaintiff alleges that Defendant violated the FMLA. (Compl. ¶ 26.) Defendant maintains that Plaintiff fails to allege that "Defendant interfered with, restrained, or denied the exercise of her rights provided by the Act" and therefore fails to state a claim under the FMLA. (Doc. 6 at 4.)

---

[1] The Magistrate Judge's preliminary pretrial order (Doc. 17) is otherwise unchanged.

[2] Plaintiff contends that Count Two also includes a claim under the Rehabilitation Act, codified as 29 U.S.C. § 794. (Doc. 13 at 7.) Plaintiff's Complaint does not plead a violation of the Rehabilitation Act, however, referring to that law only in stating that "Plaintiff is disabled or was perceived to be disabled by Defendant in accordance with the Americans with Disabilities Act and Rehabilitation Act of 1973." (Compl. ¶ 19.)

7

The FMLA provides rights to employees who have been employed by the employer for at least twelve months, have worked at least 1,250 hours in the previous twelve-month period, and are employed at a worksite where 50 or more employees are employed within 75 miles. 29 C.F.R. 825.110. Such eligible employees have the right to take up to twelve weeks of leave in a calendar year for specified occurrences, including, *inter alia*, a serious health condition or the birth of a child. 29 U.S.C. § 2612. The FMLA further provides that "[i]t shall be unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

The Sixth Circuit recognizes two distinct claims for FMLA violations: interference with FMLA rights and retaliation for the exercise of such rights. *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007). Plaintiff does not allege retaliation, but does assert that Defendant's actions caused her to exhaust her FMLA time, a claim for interference. *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 448–50 (6th Cir. 2007) (holding that involuntary leave can create an interference claim when the employee lacks a serious health condition). Although an employee may have an interference claim for involuntary leave, such claim "ripens only when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was wrongfully forced to use FMLA leave in the past." *Id.*, 503 F.3d at 449.

To establish an interference claim under the FMLA, a plaintiff must claim five elements: (1) that she was an eligible employee; (2) that she was covered by the Act; (3) that she was entitled to leave under the Act; (4) that she gave the defendant notice of her intention to take leave; and (5) that the defendant denied her benefits or interfered with her FMLA rights. *Harris v. Metro. Gov't of Nashville & Davidson County*, 594 F.3d 476, 482 (6th Cir. 2010).

8

Plaintiff's Complaint is devoid of factual matter supporting the first four elements of an FMLA interference claim. Further, it is unclear from the Complaint whether Plaintiff's interference claim would in fact be ripe. Thus, because Plaintiff's Complaint lacks the factual allegations necessary to state a claim for an FMLA violation, the Court cannot determine if an FMLA interference claim exists. However, because leave to amend should be granted freely "when justice so requires," Fed. R. Civ. P. 15(a), the Court hereby grants Plaintiff leave to amend her Complaint to state a claim for FMLA interference within fourteen (14) days of this Opinion and Order. If Plaintiff fails to amend her Complaint within fourteen (14) days of this Opinion and Order, Defendant's Motion to Dismiss (Doc. 6) shall be granted as to Plaintiff's FMLA claim.

### D.   Count Four: Intentional Infliction of Emotional Distress

Plaintiff notes in her Memorandum in Opposition that she does not intend to pursue Count Four. (Doc. 7 at 6.) Consequently, this claim is dismissed.

### IV.

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 6) is **GRANTED IN PART**, and Defendant's Supplemental Motion to Dismiss (Doc. 12) is **GRANTED**. Counts Two and Four are hereby **DISMISSED**. Plaintiff has **FOURTEEN (14) DAYS** from the date of this Opinion and Order to **AMEND** Counts One and Three of her Complaint to state a claim for a violation of Ohio Revised Code Chapter 4112 and interference with her rights under the FMLA, respectively.

**IT IS SO ORDERED.**

      4-23-2010

**DATED**

/s/ Edmund A. Sargus, Jr.

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**